IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHIFFON E. JOHNSON,            )
                               )
Plaintiff,                     )
                               )
vs.                            )   CAUSE NO. 1:10-CV-255
                               )
MARLAND SANDS, *et al.*,       )
                               )
Defendants.                    )

## OPINION AND ORDER

This matter is before the Court on a complaint and *in forma pauperis* petition filed by Chiffon E. Johnson. For the reasons set forth below, the *in forma pauperis* petition (DE #2) is **DENIED** and this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

The claims in this case were previously presented in *Johnson v. Sands*, 1:09-cv-358 (N.D. Ind. filed December 18, 2009). Both cases were filed by Chiffon E. Johnson ("Johnson") against the same

six defendants.[1]  In the former case, this court addressed the merits and dismissed the case because it did not state a claim.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).  Nevertheless,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Here, Johnson mistakenly states that these claims were not previously presented to this court.  (DE #1; Complaint, p. 3.) Though it is unclear whether this mistake was intentional or unintentional, what is clear is that the claims presented in this case have already been dismissed.

> Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating

---

[1] Though the defendant John Hauffman was previously identified as John Kauffman, that is merely a scrivener's error in one of the complaints. Both are identified as Marion Police Officers and both are alleged to have committed the same acts as all of the other defendants. Nevertheless, even if these are different defendants, the claim is still barred by *res judicata* because both defendants are alleged to have acted in privity with the other defendants. *See Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006).

> issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, res judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted). Here, the parties are the same, the claims are the same, and the prior case was resolved on the merits. Therefore this case is barred by *res judicata*.

CONCLUSION

For the reasons set forth above, the *in forma pauperis* petition (DE #2) is **DENIED** and this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DATED: August 6, 2010**               /s/RUDY LOZANO, Judge
                                        **United States District Court**